■ CATHERINE CALABRESE, Individually and as Administratrix of the Estate of PETER CALABRESE, Deceased, Respondent, v. NICHOLAS COCH, Appellant.— Order, Supreme Court, New York County, entered January 23, 1974, denying defendant's motion to dismiss the complaint and granting plaintiff's cross motion to dismiss the second and third affirmative defenses, unanimously modified, on the law, to the extent of granting defendant's motion to dismiss the cause of action for wrongful death, dismissing the complaint and severing as to said cause of action, and otherwise affirmed, without costs and without disbursements. The plaintiff's decedent was killed when he was struck by the vehicle owned and operated by the defendant. Plaintiff initiated a suit by service of a summons and complaint dated May 15, 1973. The complaint contains but four paragraphs. One could construe the complaint as containing the germ of three separate causes of action, viz., one for personal injuries to the decedent, one for wrongful death, and one on behalf of the plaintiff wife for loss of consortium. The answer interposed contains a general denial and three affirmative defenses, only the latter two being of concern on this appeal. The second affirmative defense alleges the bar of the three-year Statute of Limitations applicable to personal injury actions (CPLR 214, subd. 5) and the third affirmative defense alleges the bar of the two-year Statute of Limitations in wrongful death actions (EPTL 5–4.1). The accident occurred on May 25, 1970 and service was made on defendant on June 15, 1973, more than three years later. However, the service of the complaint was entrusted to the Sheriff on May 17, 1973, entitling plaintiff to a 60-day extension of time (CPLR 203, subd. [b], par. 5) and accordingly, we find that Special Term was correct in striking the second affirmative defense. However, the third affirmative defense should not have been stricken. Indeed, the complaint, to the extent that it indicates a cause of action for wrongful death, should be dismissed. The institution of this suit was more than two years after plaintiff's decedent's demise and is therefore time barred (EPTL 5–4.1). Concur — Nunez, J. P., Steuer, Capozzoli, Lane and Lynch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. MAURICE HOLDEN.— Motion to amend the remittitur of this court entered on March 25, 1974, so as to provide that certain questions raised pursuant to the Constitution of the United States were raised and necessarily passed upon by this court granted. Concur — Markewich, J. P., Kupferman, Murphy and Capozzoli, JJ.